**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No. 5:26-CR-14-CAR-CHW-2** |
| **MACKEAL RAWLS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER ON DEFENDANT'S MOTION TO CONTINUE**

Before the Court is Defendant Mackeal Rawls's Second Unopposed Motion to Continue [Doc. 37] his pre-trial conference scheduled for July 22, 2026, and trial scheduled to begin on August 10, 2026, in Macon, Georgia, for at least 90 days. On April 15, 2026, the Grand Jury returned a one-count indictment charging Defendant with false statements during acquisition of a firearm from a licensed dealer. On April 30, 2026, Defendant was arrested, was appointed counsel, pled not guilty at his arraignment, and was released on an unsecured bond with conditions pending trial. This case has been previously continued once, and the Government does not oppose this request for a continuance.

Defense counsel represents he needs additional time to review discovery and to develop defense strategies. Defense counsel also represents additional time is needed to investigate potential witnesses including one who is in custody in another state.

1

Having considered the matter, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Continue [Doc. 37]. The Court finds it serves the ends of justice to grant Defendant's request to continue the trial. The ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. Failure to grant a continuance would deny counsel reasonable time to address these matters and could result in a miscarriage of justice. But the Court denies Defendant's request for a 90-day continuance. Continuing this case to the next regularly-scheduled trial term would give defense counsel 70 additional days to review discovery and to interview witnesses. Should additional time later become necessary, defense counsel can move for a third continuance. Thus, the Court **HEREBY ORDERS** that this case be continued until October 19, 2026, the undersigned's next regularly-scheduled term of court for the Macon Division. The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

**SO ORDERED,** this 30th day of June, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT